1 | **RIMAC MARTIN**, P.C.
WILLIAM REILLY SBN 177550
2 | GRANT INGRAM SBN 242785
3 | 1051 Divisadero Street
San Francisco, CA 94115
4 | Telephone: (415) 561-8440
Facsimile: (415) 561-8430
5
6 | Attorneys for Defendant
LOOKSMART LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WEBOOST MEDIA S.R.L., a Societa a responsabilita limitata, | ) Case No.: 3:13-cv-05304 SC )  |
| Plaintiffs, | ) **DEFENDANTS' MOTION TO DISMISS** ) **OR IN THE ALTERNATIVE FOR** ) **PARTIAL SUMMARY JUDGMENT** |
| v. | ) |
| LOOKSMART LTD., a Delaware corporation, and DOES 1 through 100, | ) **Hearing Date: February 7, 2014** ) **Location: 450 Golden Gate Avenue, San** ) **Francisco, CA 94102, Courtroom 1, 17th** ) **Floor** |
| Defendants. | ) **Time: 10:00 a.m.** ) ) |

- 1 -
DEFENDANT'S MOTION TO DISMISS OR IN THE ALETRNATIVE FOR PARTIAL
SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff WEBOOST MEDIA S.R.L. ("Weboost") has stated causes of action against defendant LOOKSMART LTD. ("LookSmart") for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200. The contract that Weboost alleges all of these causes of action arise from limits the parties' recoverable damages as follows "UNDER NO CIRCUMSTANCES WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY, WHETHER IN CONTRACT, TORT OR OTHERWISE, FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES. *See* Complaint Ex. A, Pg. 2. Furthermore, the contract limits the parties' liability to "THE TOTAL AMOUNT PAID OR PAYABLE . . . TO LOOKSMART UNDER THIS AGREEMENT."

Contractual limitations of liability in commercial contracts are generally enforceable unless they violate some public policy and/or if they are statutorily barred. Neither of which is alleged or possible here in this contract related to online advertisements between two sophisticated companies.

Accordingly, by this motion LookSmart seeks to dismiss with prejudice Weboost's causes of action for Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual

Relations and Violation of Cal. Bus. & Prof. Code § 17200. Further, LookSmart seeks an Order limiting the parties' liability to the total amount Weboost paid LookSmart under the contract.

**II. FACTS**

On October 31, 2011, Weboost executed a contract to pay LookSmart to post Weboost's advertisements on LookSmart's websites ("the Contract"). *See* Complaint ¶ 17. A copy of the Contract is attached to the complaint as Exhibit A.

The Contract provides in relevant part as follows:

8. Limitation of Liability

EXCEPT WITH RESPECT TO OBLIGATIONS UNDER SECTIONS 9 and l2 BELOW (I) UNDER NO CIRCUMSTANCES WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY, WHETHER IN CONTRACT, TORT OR OTHERWISE, FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF SUCH DAMAGES ARE FORSEABLE AND WHETHER OR NOT THE INDEMNIFIED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM THIS AGREEMENT AND (II) NEITHER PARTY WILL BE LIABLE TO THE OTHER PARTY FOR MORE THAN THE TOTAL AMOUNT PAID OR PAYABLE (PLUS APPLICABLE FEES AND COSTS) TO LOOKSMART UNDER THIS AGREEMENT. *See* Complaint Ex. A, Pg. 2.

Section 9 of the contract provides that "each party agrees to indemnify, defend and hold harmless the other party, . . . from any and all liability, damages and settlements due to third parties claim or causes of action . . ." *See* Complaint Ex. A, Pg. 2.

Section 12 of the Contract provides for the confidentiality of the terms and conditions of the Agreement. *See* Complaint Ex. A, Pg. 3.

Lastly, the Contract provides "[t]his Agreement will be interpreted, construed and enforced in all respects in accordance with laws of California, without regard to its conflicts of laws provisions or to the actual state or country of incorporation or residence of the parties. *See*

Complaint Ex. A, Pg. 4.

Weboost alleges that it paid LookSmart $105,273.92 and attaches the LookSmart invoices. *See* Complaint ¶ 17 and Ex. B. Further, Weboost alleges that it turned around and sold the advertisements it purchased from LookSmart to Google and was subject to over $400,000 in "unilateral deductions" from Google because of the quality of the advertisement postings. *See* Complaint ¶ 24.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007). While the federal rules do not require a heightened pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Courts will liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555. However, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009) (quoting *Twombly,* 550 U.S. at 555). Further, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir.2008) (citation omitted). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

Additionally, because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002). However, when the complaint is accompanied by attached documents, or refers to documents which are central to the claim, such documents are deemed part of the complaint and are properly considered in evaluating the merits of a Rule 12(b)(6) motion. *Stac Electronics*, 89 F.3d at 1405 n. 4. "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)).

**B. Summary Judgment**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

If the moving party sustains its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *See* Fed.R.Civ.P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex.* at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 n. 3 (9th Cir.1987). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claim or claims at issue. *Id.*

## IV. ARGUMENT

The terms of the Contract and the limitation of liability therein cannot be disputed because of the allegations in Weboost's complaint and the attachments thereto.

Weboost agreed that "UNDER NO CIRCUMSTANCES" would it or LookSmart "BE LIABLE TO THE OTHER PARTY, WHETHER IN CONTRACT, TORT OR OTHERWISE, FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF SUCH DAMAGES ARE FORSEABLE AND WHETHER OR NOT THE INDEMNIFIED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM." *See* Complaint Ex. A, Pg. 2. Despite this agreement and without any explanation, in contravention of the contract Weboost has attempted to state claims against LookSmart for Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200.

Furthermore, Weboost agreed "NEITHER PARTY WILL BE LIABLE TO THE OTHER PARTY FOR MORE THAN THE TOTAL AMOUNT PAID OR PAYABLE . . . TO LOOKSMART UNDER THIS AGREEMENT. *See* Complaint Ex. A, Pg. 2. Weboost alleges

that it paid LookSmart $105,273.92 and attaches the LookSmart invoices. *See* Complaint ¶ 17 and Ex. B. Despite this agreement and without any explanation, in contravention of the contract Weboost seeks recovery of compensatory damages, restitution and exemplary damages. *See* Complaint, Prayer.

A claim for relief and/or damages in a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claim, claims and/or damages at issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A valid contractual limitation on liability, within its terms, creates an absolute bar to a plaintiff's recovery from the other party to the contract. *Rest.3d, Torts: Apportionment of Liability* §2, Comment b.

The present view is that a contract exempting from liability for ordinary negligence is valid where no public interest is involved and no statute expressly prohibits it. *Gardner v. Downtown Porsche Audi* (1986) 180 Cal.App. 3d 713, 716. Limitation of liability provisions are valid in similar circumstances. *Id.; Wheeler v. Oppenheimer* (1956) 140 Cal.App.2d 497, 500 (applying rule to vendor-purchaser contract provision that if vendor did not complete sale liability would be limited to "costs and expenses").

Contracts exempting from liability for ordinary negligence are valid where the public interest is not involved and there are no statutory bars to their enforcement. *Cregg v. Ministor Ventures* (1983) 148 Cal.App.3d 1107, 1111. (lease of storage space for personal and household goods; broad exculpatory clause and plaintiff advised of option to obtain insurance at low

premium); *Philippine Airlines v. McDonnell Douglas Corp.* (1987) 189 Cal.App.3d 234, 240. (limitation of liability clause precluded airline from recovering indemnity from airplane manufacturer for loss sustained when passengers were injured due to manufacturer's negligence; clause was bargained for and insurable shift of risk of economic loss in commercial setting).

*McCarn v. Pacific Bell Directory* (1992) 3 Cal.App.4th 173, 181, is a case similar to this matter in that it involves an advertiser, publisher and a contract with virtually the same limitation of liability. McCarn and other advertisers brought action against publisher of telephone directory, seeking damages for loss of business ensuing when their classified advertisement failed to appear in the directory. The advertisers, just as Weboost did here, agreed that

> IN NO EVENT SHALL PUBLISHER'S LIABILITY TO ADVERTISER FOR CLAIMS OF ANY KIND WHATSOEVER FOR LOSS OR DAMAGE ARISING OUT OF OR IN ANY WAY CONNECTED WITH ANY SUCH ERROR OR OMISSION EXCEED THE TOTAL OF SUCH CHARGES PAYABLE FOR THE ADVERTISING.

*McCarn* (1992) 3 Cal.App 4th at 177.

The trial court granted Pacific Bell's motion for summary judgment enforcing the limitation of liability in the contract. The Court of Appeal upheld finding that there was no public interest involved in a commercial contract to place advertisements in the yellow pages and that therefore the contractual limitation was enforceable. Here, this Court should make the same finding that no public interest is involved in a commercial contract to place advertisements on web pages and enforce the terms that Weboost agreed to with LookSmart.

Many other cases involving commercial contracts reached the same conclusion and applied the contractual limitations of liability. In *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, involving the failure of a telecommunications satellite to reach the desired orbit, defendant manufacturer's contract contained exculpatory clauses. The court concluded that "the exculpatory clauses here do not conflict with the public interest, but were the

- 8 -

result of 'private, voluntary transactions in which one party, for a consideration, agrees to shoulder a risk which the law would otherwise have placed upon the other party.'" *Id*. at 31. *See also CAZA Drilling (Calif.) v. TEG Oil & Gas U.S.A.* (2006) 142 Cal.App.4th 453, 468. (exculpatory provision in contract between drilling company and oil corporation, placing liability on corporation for *economic* loss, was not invalid as involving public interest, because, while production of oil was important to public, this drilling was important only to parties; where only question is which of two equal bargainers, as here, should bear risk of economic loss, there is no reason for courts to remake parties' agreement); *Fritelli v. 350 North Canon Drive, LP* (2011) 202 C.A.4th 35, 44 (provision in commercial lease exempting landlord from claims for breach of lease, breach of implied covenant of quiet enjoyment, rescission, and ordinary negligence was valid; lease was "net" lease in which tenant was intended to have major burdens of ownership, specific exemption for damages arising from remodeling reaffirmed general exemption, and other provision stated that tenant's sole recourse was insurance claim against its insurer); *Food Safety Net Services v. Eco Safe Systems USA* (2012) 209 C.A.4th 1118, 1125. (limitation of liability clause in food safety tester's contract with food disinfectant company barred company from recovering damages for its claims of breach of contract, bad faith, and negligence; there was no evidence that clause was product of unequal bargaining power, that it contravened public policy, or that it affected public interest).

Plaintiff's complaint fails to allege any public policy or statutory authority that would permit it to avoid the agreed upon limits of liability in the Contract because no such allegations or statutory authority exist. Accordingly, LookSmart respectfully requests that the Court dismiss with prejudice Weboost's claims for Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage,

- 9 -
DEFENDANT'S MOTION TO DISMISS OR IN THE ALETRNATIVE FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200 and issue and order limiting Weboost's recovery, if any, to an amount less than or equal to $105,273.92 on its remaining Breach of Contract claim.

**RIMAC MARTIN, P.C.**

Dated: January 3, 2014

By:   */s/ William Reilly*
Attorneys for Defendant
LOOKSMART LTD

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 1051 Divisadero Street, San Francisco, California 94115.

On January 3, 2014, the following document is being filed electronically and will be available for viewing and downloading from the Court's CM/ECF system:

*DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT*

The Notice of Electronic Case Filing Automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Northern District of California, who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on January 3, 2014 at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Grant Ingram | */s/ Grant Ingram* |
|---|---|
| (Type or print name) | (Signature) |