**RIMAC MARTIN**, P.C.
WILLIAM REILLY SBN 177550
GRANT INGRAM SBN 242785
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile: (415) 561-8430

Attorneys for Defendant
LOOKSMART LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| WEBOOST MEDIA S.R.L., a Societa a responsabilita limitata,<br><br>        Plaintiffs,<br><br>v.<br><br>LOOKSMART LTD., a Delaware corporation, and DOES 1 through 100,<br><br>        Defendants. | Case No.:  3:13-cv-05304 SC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      February 7, 2014<br>Time:     10:00 a.m.<br>Location:  450 Golden Gate Avenue,<br>               Courtroom 1, 17th Floor<br>               San Francisco, CA 94102 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   *FOOD SAFETY NET SERVICES V. ECO SAFE SYSTEMS USA*
      ADDRESSES AND REJECTS ALL OF THE ARGUMENTS MADE BY
      PLAINTIFF IN ITS OPPOSITION ............................................................ 2

III.  UNITED GUARANTY MORTGAGE INDEMNITY CO. v.
      COUNTRYWIDE FINANCIAL CORP. ..................................................... 6

IV.   THE CONTRACT'S LIMITATION OF LIABILITY IS NOT
      AMBIGUOUS.................................................................................... 7

V.    THE CONTRACT'S INDEMNIFICATION PROVISION DOES NOT
      COVER WEBOOST'S ALLEGED LOSSES ............................................. 9

VI.   CONCLUSION.................................................................................. 11

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

# TABLE OF AUTHORITIES

## Cases

*Beard v. Banks*
(2006) 548 US 521, 527................................................................10

*Food Safety Net Service*
209 Cal.App.4th at 1127. ...........................................................4, 5

*Food Safety Net Services v. Eco Safe Systems USA*
(2012) 209 Cal.App.4th 1118 ......................................2, 3, 4, 5, 6, 7, 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574, 587 (1986)...........................................................10

*McCarn v. Pacific Bell Directory*
(1992) 3 Cal.App.4th 173 ...........................................................4, 7

*Robinson Helicopter Co., Inc. v. Dana Corp.*
*(2004) 34 Cal.4th 979, 988*.........................................................4, 5

*United Guaranty Mortgage Indemnity Co. v. Countrywide Financial Corp.*
(C.D.Cal.2009) 660 F.Supp.2d 1163 ..............................................6, 8

## Statutes

Cal. Bus. & Prof. Code
§17200.........................................................................2, 4, 6, 11

Cal. Civ. Code
§1668..........................................................................1, 4, 6

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

## Rules

Federal Rules of Civil Procedure

Rule 56 ....................................................................................10

Rule 12(b)(6)............................................................................10

Rule 56(c)................................................................................10

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

## I. INTRODUCTION

Plaintiff WEBOOST MEDIA S.R.L. ("WeBoost") admits that the Contract attached to its complaint, including the limitation of liability therein, is the express bargain made between it and LOOKSMART LTD. ("LookSmart"), two sophisticated business entities. Further, WeBoost concedes that its Contract with LookSmart does not affect any public interest. Opp. 6:19. Nonetheless, it contends that Cal. Civ. Code § 1668 nullifies the express bargained for terms of the Contract and permits it to state claims for fraud and other intentional torts, and to seek damages beyond the limitation of liability. WeBoost claims that the Contract does not eliminate its right to pursue tort claims, but only limits "recovery of damages, regardless of which cause of action gives rise to such damages." Opp. 4:3. Additionally, WeBoost claims that this Court cannot limit its recovery because "a motion to dismiss is not the proper mechanism for attempting to limit [its] damages." Opp. 8:14.

WeBoost is incorrect as a matter of fact and law. Numerous cases have held that sophisticated parties can reach a bargain that expressly allocates the risk of misrepresentations, including fraudulent misrepresentations. Under California law, Cal. Civ. Code § 1668 does not nullify those agreements if the economic loss rule applies. The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless it can demonstrate harm above and beyond a broken contractual promise. WeBoost has not demonstrated harm above and beyond a broken contractual promise, nor even alleged such harm. Moreover, LookSmart did ask the Court to limit WeBoost's recovery through a partial summary judgment order and WeBoost has not opposed or addressed that request.

Accordingly, by this motion LookSmart seeks to dismiss with prejudice WeBoost's causes of action for Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200. Further, LookSmart seeks a partial summary judgment Order limiting the parties' liability to the total amount WeBoost paid LookSmart under the contract.

## II. *FOOD SAFETY NET SERVICES V. ECO SAFE SYSTEMS USA* ADDRESSES AND REJECTS ALL OF THE ARGUMENTS MADE BY PLAINTIFF IN ITS OPPOSITION

LookSmart cited *Food Safety Net Services v. Eco Safe Systems USA* (2012) 209 Cal.App.4th 1118 in its moving papers and WeBoost did not address it in opposing this motion.

As here, *Food Safety* involved a commercial contract[1] entered into between two sophisticated business entities. Food Safety Net Services ("Food Safety") was retained to perform a study of Eco Safe Systems USA, Inc.'s ("Eco Safe") food disinfection equipment. Food Safety made an offer to complete the study and provided Eco Safe with its standard form contract that included the following limitation of liability in the contract:

> IN NO EVENT SHALL [FOOD SAFETY] BE LIABLE FOR INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING (BUT NOT LIMITED TO) DAMAGES FOR LOSS OF PROFIT OR GOODWILL REGARDLESS OF (A)

---

[1] The Food Safety contract was its written form contract that was accepted by Eco Safe and was attached to the complaint. Just as the Contract here was LookSmart's written form contract and is attached to the complaint.

THE NEGLIGENCE (EITHER SOLE OR CONCURRENT) OF [FOOD SAFETY] AND (B) WHETHER [FOOD SAFETY] HAS BEEN INFORMED OF THE POSSIBILITY OF SUCH DAMAGES [Food Safety's] total liability to you in connection with the work herein covered for any and all injuries, losses, expenses, demands, claims or damages whatsoever arising out of or in any way related to the work herein covered, from any cause or causes, shall not exceed an amount equal to the lesser of (a) damages suffered by you as the direct result thereof, or (b) the total amount paid by you to [Food Safety] for the services herein covered[2].

*Id.* at 1125.

Despite the agreed upon limitation of liability, Eco Safe sued Food Safety for breach of contract, negligence, fraud, and breach of the covenant of good faith and fair dealing.[3] The Superior Court granted summary judgment for Food Safety based upon the contractual limitation of liability.

---

[2] *Food Safety's* limiting language is functionally identical to the language agreed to by Weboost and LookSmart which was in relevant part as follow:

    (I)    UNDER NO CIRCUMSTANCES WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY, WHETHER IN CONTRACT, TORT OR OTHERWISE, FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF SUCH DAMAGES ARE FORSEABLE AND WHETHER OR NOT THE INDEMNIFIED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM THIS AGREEMENT AND (II) NEITHER PARTY WILL BE LIABLE TO THE OTHER PARTY FOR MORE THAN THE TOTAL AMOUNT PAID OR PAYABLE (PLUS APPLICABLE FEES AND COSTS) TO LOOKSMART UNDER THIS AGREEMENT. *See* Complaint Ex. A, Pg. 2.

[3] Weboost has sued LookSmart for very similar claims of Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. &

3

The Court of Appeal held that, Cal. Civ. Code § 1668 notwithstanding, the limitation of liability clause prevented recovery of damages under breach of the covenant of good faith and fair dealing, and negligence. The Court of Appeal cited to *McCarn v. Pacific Bell Directory* (1992) 3 Cal.App.4th 173 in support of that finding. (*McCarn* was discussed extensively in LookSmart's moving papers). *Food Safety Net Services* 209 Cal.App.4th at 1127. Based upon these rulings, this Court should also hold that the Contract's limitation of liability clause at issue here prevents recovery of damages under WeBoost's claims for breach of the covenant of good faith and fair dealing and negligent interference with prospective economic advantage[4] despite Cal. Civ. Code § 1668.

Additionally, the *Food Safety* Court found that Cal. Civ. Code § 1668 did not save "Eco Safe's claims for fraud and deceit [which] failed in light of the economic loss rule." *Id.* at 1130. Quoting the California Supreme Court, the *Food Safety* Court explained that:

> "the economic loss rule provides: ' " '[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.' " ' ... The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise. [Citation.] Quite simply, the economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.' [Citation.]" *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.

Further, the *Food Safety* Court explained "a party alleging fraud or deceit

---

Prof. Code § 17200.

[4] LookSmart concedes that Weboost can maintain a cause of action for breach of contract which is subject to the limits of liability set forth in the Contract.

4

in connection with a contract must establish tortious conduct independent of a breach of the contract itself, that is, violation of 'some independent duty arising from tort law.'" *Food Safety Net Services* 209 Cal.App.4th at 1130.

WeBoost has pleaded and the Contract establishes that the payments due under the Contract would be determined on a "pay-per-click" basis. *See* Complaint ¶ 17 and Ex. A. The Contract also establishes that the pay-per-click "charges will be determined solely based on LookSmart's click tracking technology." *See* Complaint Ex. A, Pg. 3 Section C, "All Accounts". Furthermore, the Contract contemplates challenging the pay-per-click charges that are invoiced by LookSmart and has a reconciliation system in place to do so. *Id.* WeBoost did not utilize the reconciliation system. Instead, it filed this action and alleged that what "WeBoost was paying LookSmart [for] was not legitimate pay-per-click traffic at all but rather illegitimate 'click-fraud'." *See* Complaint ¶ 39. This allegation forms the basis of WeBoost's breach of contract claim. *Id.* Furthermore, this same allegation of illegitimate pay-per-click charges, which WeBoost calls "click-fraud", is the basis of every cause of action stated by WeBoost. *See* Complaint ¶¶ 30, 32, 36, 39, 40, 49, 56, 59, 63 and 67.

Thus, WeBoost does not even allege tortious conduct independent of a breach of the contract. Every cause of action arises from the same allegation of breach of contract via illegitimate pay-per-click charges, which WeBoost calls "click-fraud" in an attempt to dissolve the law of contract and the law of tort into the other. *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.

The *Food Safety* Court explained "[e]ven if Eco Safe's evidence raises triable issues whether the study contains inaccuracies or falsehoods, they are not 'conceptually distinct from the contract,' as Food Safety's obligation to perform

the tests and report the results arose exclusively from the contract." *Food Safety*
*Net Services* 209 Cal.App.4th at 1130. The same conclusion applies here.

LookSmart's obligation to determine the pay-per-click charges arose
exclusively from the Contract. Even if the pay-per-click charges contained
inaccuracies or falsehoods, they were not conceptually distinct from the Contract.
In fact, the Contract had in place a reconciliation system to rectify any inaccuracies
or falsehoods. As such, the contracting parties clearly contemplated that problems
could arise in the calculation of the pay-per-click charges in the Contract and
therefore those problems only amount to a breach of contract. These contemplated
problems certainly do not amount to tortious conduct independent of a breach of
the contract. For these reasons, WeBoost's alleged"click-fraud"falls within the
scope of the economic loss rule and bars all of WeBoost's causes of action except
for the breach of contract cause.

## III.  UNITED GUARANTY MORTGAGE INDEMNITY CO. V. COUNTRYWIDE FINANCIAL CORP.

*Food Safety* is not the only case that reached the conclusion that
sophisticated parties could not avoid agreed upon contract terms by asserting that
Cal. Civ. Code § 1668 nullifies their agreement. In *United Guaranty Mortgage*
*Indemnity Co. v. Countrywide Financial Corp.* (C.D.Cal.2009) 660 F.Supp.2d
1163, the United States District Court applying California law held that the
economic loss rule to prevented sophisticated business entities (an insurer and a
bank), who had agreed to contractually handle claims fraud by the bank, from
avoiding the terms of the agreement based on Cal. Civ. Code § 1668[5]. The Court
ruled as follows:

---

[5] United Guaranty, like WeBoost, also asserted a Cal. Bus. & Prof. Code § 17200 cause of action
which was dismissed by the Court. *Id.* at 1192.

> the Master Policy expressly provides for claims "fraud" and provides remedies for claims fraud. Section IV.D.4 (discussing the policy provisions). Again, California has a strong policy in favor of allowing contracting parties to define and limit their risk exposure. Here, sophisticated business entities agreed to contractually handle claims fraud by the insured. These contract terms therefore subsume any tort remedy for claims fraud.

*Id.* at 1188.

Here, the Contract expressly provided for illegitimate pay-per-click charges, which WeBoost calls "click-fraud", and remedies for the "click-fraud". This Court should also apply California's strong policy in favor of allowing contracting parties to define and limit their risk exposure. The Court should enforce the Contract's limitation of liability and find that the limitation of liability and the economic loss rule bar all of WeBoost's claims except the breach of contract, subject to the limitation of liability.

## IV. THE CONTRACT'S LIMITATION OF LIABILITY IS NOT AMBIGUOUS

WeBoost claims that the Contract's "Limitation of Liability" provision is ambiguous and that the Contract does not eliminate its right to pursue tort claims, but only limits "recovery of damages, regardless of which cause of action gives rise to such damages." Opp. 4:3.

As discussed above and in the moving papers, at least two Courts have found that virtually identical "Limitation of Liability" provisions were not ambiguous and enforced those provisions. *McCarn v. Pacific Bell Directory* (1992) 3 Cal.App.4th 173, 177; *Food Safety Net Services v. Eco Safe Systems USA* (2012) 209 Cal.App.4th 1118, 1126. This Court should do the same.

WeBoost does not dispute that the Contract bars all claims for "INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES

(EVEN IF SUCH DAMAGES ARE FORSEABLE AND WHETHER OR NOT THE INDEMNIFIED PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) ARISING FROM" the Contract. Nor does it dispute that the Contract limits the parties' liability to "THE TOTAL AMOUNT PAID OR PAYABLE (PLUS APPLICABLE FEES AND COSTS) TO LOOKSMART UNDER" the Contract. Putting form over substance, WeBoost contends that those terms do not eliminate its right to pursue tort claims, but only limits "recovery of damages, regardless of which cause of action gives rise to such damages." Opp. 4:3. WeBoost, thus, agrees that if the limitation of liability provision is enforceable that it would only be able to recover damages up to the limits set forth in the Contract.

As discussed above, even if WeBoost's interpretation of the Limitation of Liability clause is correct, California's economic loss rule prevents WeBoost from asserting tort claims that arise exclusively out of a breach of contract and thus WeBoost can only maintain a claim for breach of contract as a matter of law. *Food Safety Net Services v. Eco Safe Systems USA* (2012) 209 Cal.App.4th 1118; *United Guaranty Mortgage Indemnity Co. v. Countrywide Financial Corp.* C.D.Cal.2009) 660 F.Supp.2d 1163.

Additionally, as discussed below, this Court should enter a partial summary judgment order limiting WeBoost's recovery, if any, to "THE TOTAL AMOUNT PAID OR PAYABLE (PLUS APPLICABLE FEES AND COSTS) TO LOOKSMART UNDER," $105,273.92. *See* Complaint ¶ 17 and Ex. B. Such an order would bar WeBoost recovery of its currently pleaded prayer for "Compensatory damages in an amount sufficient to compensate WeBoost for its monetary losses, Restitution and Exemplary damages" and make this argument moot. *See* Complaint, Prayer.

## V. THE CONTRACT'S INDEMNIFICATION PROVISION DOES NOT COVER WEBOOST'S ALLEGED LOSSES

The limitation of liability provision of the Contract provides that it applies "except with respect to obligations under Sections 9 and 12" of the Contract. WeBoost contends that the limitation of liability does not apply because the Section 9 "Indemnification" provision applies. Based upon the facts as plead by WeBoost, the Section 9 "Indemnification" provision does not apply and the limitation of liability must be applied.

Section 9 of the Contract provides that "each party agrees to indemnify, defend and hold harmless the other party, . . . from any and all liability, damages and settlements due to third parties' claims or causes of action . . ." *See* Complaint Ex. A, Pg. 2.

WeBoost's pleading establishes that no "third parties' claims or causes of action" were asserted against WeBoost. WeBoost alleges that it paid LookSmart $105,273.92 for placing its advertisements. *See* Complaint ¶ 17 and Ex. B. Further, WeBoost alleges that it turned around and sold the advertisements it purchased from LookSmart to Google and was subject to over $400,000 in "unilateral deductions" from its Google AdSense account because of the quality of the advertisement postings. *See* Complaint ¶ 24. Google did not assert "claims or causes of action" against WeBoost. Google never even paid WeBoost the purported $400,000 and/or recovered those alleged funds from WeBoost. By WeBoost's own admission Google just recalculated what WeBoost had earned pursuant to their AdSense contract and paid WeBoost that amount. Not only did Google not assert "claims or causes of action" against WeBoost, WeBoost never suffered "liability, damages and/or paid any settlements". The Contract's Section 9 "Indemnification" provision is not applicable to the facts as alleged by WeBoost

9

and the limitation of liability must be applied.

## VI. WEBOOST HAS NOT OPPOSED LOOKSMART'S MOTION FOR PARTIAL SUMMARY JUDGMENT

LookSmart entitled its motion and notice **"DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT."** Furthermore, the Notice stated LookSmart "hereby moves pursuant to Rule 12(b)(6), or in the alternative Rule 56 of the Federal Rules of Civil Procedure" and sought an "order limiting the parties' liability to the total amount Plaintiff WeBoost paid LookSmart under the contract." The memorandum of points and authorities separately set forth the legal standard for summary judgment and requested an "order limiting WeBoost's recovery, if any, to an amount less than or equal to $105,273.92 on its remaining Breach of Contract claim." Moreover, the argument section also stated that "Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claim, claims and/or damages at issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)."

WeBoost did not oppose LookSmart's motion for partial summary judgment and instead chose to argue that "a motion to dismiss is not the proper mechanism for attempting to limit [its] damages." Opp. 8:14.

When a party fails to address the moving party's assertions of fact as required by Rule 56(c) of the Federal Rules of Civil Procedure, the court may consider the moving party's facts undisputed (i.e., deemed admitted) for purposes of the motion. Id. If the undisputed facts and other supporting materials show the moving party is entitled to judgment as a matter of law, the Court should grant summary judgment. *See Beard v. Banks* (2006) 548 US 521, 527 (decided under former Rule).

10

Here the undisputed facts establish that the Contract's limitation of liability provision is valid and enforceable. Therefore, LookSmart respectfully requests that the Court enter an order limiting WeBoost's recovery, if any, to an amount less than or equal to $105,273.92.

## VI.   CONCLUSION

LookSmart respectfully requests that the Court dismiss with prejudice WeBoost's claims for Breach of the Covenant of Good Faith and Fair Dealing, Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200 and issue and order limiting WeBoost's recovery, if any, to an amount less than or equal to $105,273.92 on its remaining Breach of Contract claim.

**RIMAC MARTIN, P.C.**

Dated:  January 24, 2014

By:   _/s/ William Reilly_
Attorneys for Defendant
LOOKSMART LTD

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 1051 Divisadero Street, San Francisco, California 94115.

On January 24, 2014, the following document is being filed electronically and will be available for viewing and downloading from the Court's CM/ECF system:

***DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT***

Executed on January 24, 2014 at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

_____Robin Hale_____          _____*/s/ Robin Hale*_____