RIMAC MARTIN, P.C.
WILLIAM REILLY SBN 177550
GRANT INGRAM SBN 242785
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile: (415) 561-8430

Attorneys for Defendant
LOOKSMART LTD.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WEBOOST MEDIA S.R.L., a Societa a responsabilita limitata, <br><br> Plaintiffs, <br><br> v. <br><br> LOOKSMART LTD., a Delaware corporation, and DOES 1 through 100, <br><br> Defendants. | Case No.: 3:13-cv-05304 SC <br><br> **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: June 6, 2014 <br> Time: 10:00 a.m. <br> Loc: Courtroom 1, 17th Floor |

## I. INTRODUCTION

This Court granted in part LookSmart's first motion to dismiss. The Court dismissed WeBoost's negligent and intentional interference, fraudulent concealment, and UCL claims, finding that they were barred by the economic loss rule. Further, this Court ruled that "regardless of whether Plaintiff is ultimately able to recover on a tort or contract claim, Section 8 would cap Plaintiff's damages to the amount it paid under the contract." February 28, 2014 Order 13:13. This Court granted WeBoost "leave to amend these claims if it can state facts indicating that the claims would not be subject to the economic loss rule." *Id.* @ 12:3. WeBoost has failed to do so and those claims should now be dismissed with prejudice. Further, the Court should enter partial summary judgment Order limiting the parties' liability to the total amount WeBoost paid LookSmart under the contract.

## II. THE FAC FAILS TO ALLEGE ANY NEW FACTS

WeBoost acknowledges that in order to pursue its tort claims that it needed to "state [new] facts indicating that the claims would not be subject to the economic loss rule." February 28, 2014 Order 12:13. WeBoost claims that the FAC alleges new facts that establish conduct independent from the promises of the parties made in their contractual relationship and that it is not subject to the economic loss rule. WeBoost asserts that these new facts are that "the FAC alleges that LookSmart fraudulently fabricated the phantom "pay-per-click" traffic for which it later billed WeBoost by creating a series of fraudulent websites (*i.e.* websites not intended to promote actual businesses or for other legitimate business purposes), which it then used to generate bogus "clicks" for which it subsequently billed Plaintiff." Opposition 1:16-21.

A review of the Original Complaint establishes that these are not newly alleged facts. The Original Complaint alleged "LookSmart, itself, is . . .

2

responsible for generating the "click-fraud" traffic at issue." Complaint ¶22. Further, the Original Complaint alleged:

> WeBoost is informed and believes and based thereon alleges that the source of substantially all of this "click fraud" traffic was LookSmart, itself. Substantially all of the fraudulent clicks generated on www.pay-it-less.co.uk can be traced directly to traffic originating from websites owned and controlled by LookSmart. Moreover, LookSmart has a strong financial incentive to generate click fraud traffic due to the fact that the amount it bills WeBoost is based upon the number of clicks generated on its websites. The more traffic LookSmart generated for We Boost, legitimate or otherwise, the more money it received.

Complaint ¶ 21.

Despite WeBoost's claims to the contrary, no new facts have been alleged. These purported new "click fraud" allegations are merely a repackaging of the same old "click fraud" allegations. Certainly, no new facts have been alleged that WeBoost's claims are not subject to the economic loss rule.

For all the reasons stated by the Court in the February 28, 2014 Order, LookSmart respectfully requests that the Court grant this motion and dismiss with prejudice WeBoost's negligence and intentional interference, fraudulent concealment, and UCL claims.

### III. WEBOOST'S TORT CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE

This Court held that "the economic loss rule, in summary, "is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." Oracle USA, Inc. v. XL Global Services, Inc., C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009). This rule serves to prevent every breach of a contract from giving rise to tort liability and the threat of punitive damages:

3

"Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (Cal. 2004) (internal quotation marks and brackets omitted). Limiting recovery to contract damages makes it easier for parties to "estimate in advance the financial risks of their enterprise." Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 106 (Cal. 1995) (quoting Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (Cal. 1994)); Foley v. Interactive Data Corp., 47 Cal. 3d 654, 694 (Cal. 1988). As a result, the rule is particularly applicable when a party alleges "commercial activities that negligently or inadvertently [went] awry." Robinson Helicopter, 34 Cal. 4th at 991 n.7. However, the economic loss rule can still bar fraud and other intentional tort liability if those claims do not arise independently of the breach of contract claims. See id. at 990." February 28, 2014 Order 9:12-10:5.

"[A] party alleging fraud or deceit in connection with a contract must establish tortious conduct independent of a breach of the contract itself, that is, violation of 'some independent duty arising from tort law.'" *Food Safety Net Services* 209 Cal.App.4th 1118, 1130.

WeBoost has not and cannot allege claims that arise independently of the breach of contract. WeBoost knew that a "percentage of click fraud is considered unavoidable and tolerated within the on-line pay-per-click advertising industry." Complaint ¶ 16, FAC ¶ 16. WeBoost also knew that LookSmart maintained its own network of affiliate websites, which it used to display advertisements from other companies in order to generate revenue and that LookSmart acted both as publisher and intermediary. *Id.* ¶ 8.

With this knowledge, WeBoost entered into a contract ("T&C" – FAC Exhibit A) to post WeBoost's advertisements on LookSmart's network of websites and to pay LookSmart on a "pay-per-click" basis. *Id.* ¶ 7. These two sophisticated parties reached a bargain allocating the risks of doing business, expressly including provisions for "click fraud" in the T&C and a provisions that displace tort duties with regard to LookSmart's obligations under the contract.

The T&C establishes that the pay-per-click "charges will be determined solely based on LookSmart's click tracking technology." *See* FAC Ex. A, Pg. 3 Section C, "All Accounts". Furthermore, the T&C contemplates challenging the pay-per-click charges that are invoiced by LookSmart and has a reconciliation system in place to do so. *Id.* WeBoost did not utilize the reconciliation system. Instead, it filed this action and alleged that LookSmart was billing WeBoost "for illegitimate 'click-fraud' traffic." *See* FAC ¶ 39.

The illegitimate pay-per-click charges allegation forms the basis of WeBoost's breach of contract claim. *Id.* Furthermore, this same allegation of illegitimate pay-per-click charges, which WeBoost calls "click-fraud", is the basis of every cause of action stated by WeBoost. *See* Complaint ¶¶ 46, 49, 53, 60, 67, 70, 74, and 78. Every cause of action arises from the same allegation of breach of contract via illegitimate pay-per-click charges. WeBoost calls this "click-fraud" in an attempt to dissolve the law of contract and the law of tort into the other. *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.

WeBoost's tort claims should be dismissed because:

1. WeBoost's claims do not arise independently of the breach of contract claims;
2. all WeBoost's claims arise from Defendant's obligations under the T&C, and the parties bargained for the possibility of all the issues alleged in this action; and

5

3. LookSmart's obligation to monitor and charge for pay-per-click traffic arose exclusively from the contract.

WeBoost has not and cannot plead facts stating claims that are not subject to the economic loss rule. Accordingly, LookSmart respectfully requests that WeBoost's tort claims be dismissed with prejudice.

## IV. THE COURT SHOULD ENTER A PARTIAL SUAMMARY JUDGMENT LIMITING LOOKSMART'S LIABILITY

This Court ruled that "regardless of whether Plaintiff is ultimately able to recover on a tort or contract claim, Section 8 would cap Plaintiff's damages to the amount it paid under the contract." February 28, 2014 Order 13:13. Based upon that ruling, the T&C and the fact that Plaintiff has pleaded that Plaintiff paid Defendant $105,273.92, LookSmart respectfully requested that the Court issue a partial summary judgment order limiting WeBoost's recovery, if any, to an amount less than or equal to $105,273.92.

WeBoost opposed the motion by claiming that there is no "statutory basis for a summary judgment order limiting damages." Opp. 7:12. WeBoost is incorrect.

Federal Rule of Civil Procedure Rule 56 (a) provides that upon a showing that there is no genuine dispute of material fact as to particular claim(s) or defense(s), the court may grant summary judgment in the party's favor on "each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." (emphasis added); see *Beal Bank, SSB v. Pittorino* (1st Cir. 1999) 177 Fed.3d 65, 68; *Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.* (CD CA 1993) 860 F.Supp. 1448, 1450. Rule 56(a) explicitly provides for summary judgment on "*part* of each claim or defense." One of LookSmart's defenses is that its liability is limited by the T&C. The Court has a statutory basis to make such a ruling.

6
DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT
Case No. 3:13-cv-05304 SC

## V. CONCLUSION

Based upon the foregoing, LookSmart respectfully requests that the Court dismiss with prejudice WeBoost's causes of action for Fraudulent Concealment, Negligent Interference With Prospective Economic Advantage, Intentional Interference With Prospective Economic Advantage, Intentional Interference With Contractual Relations and Violation of Cal. Bus. & Prof. Code § 17200, and issue a partial summary judgment order limiting WeBoost's recovery, if any, to an amount less than or equal to $105,273.92.

**RIMAC MARTIN, P.C.**

Dated: May 23, 2014

By: /s/ William Reilly
WILLIAM REILLY
Attorneys for Defendant
LOOKSMART LTD

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 1051 Divisadero Street, San Francisco, California 94115.

On May 23, 2014, the following document is being filed electronically and will be available for viewing and downloading from the Court's CM/ECF system:

***REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT***

The Notice of Electronic Case Filing Automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Northern District of California, who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on May 23, 2014 at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Robin A. Hale | */s/ Robin A. Hale* |
|---|---|
| (Type or print name) | (Signature) |